UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRIK MICHAEL BLANTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D.O.J., et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-2987 DAD DB P<br><br><br>FINDINDGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's second amended complaint for screening.  For the reasons set forth below, this court finds plaintiff again fails to state any claims for relief cognizable under §1983.  This court further finds that most of plaintiff's wide-ranging and unfocused allegations are patently incredible and the others are conclusory assertions of harm.  For these reasons, this court considers any further opportunities to amend futile and recommends the second amended complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiff filed his original complaint on December 21, 2023.  (ECF No. 1.)  Because plaintiff failed to sign his complaint or his motion to proceed in forma pauperis, this court ordered plaintiff to file signed copies of both.  Thereafter, plaintiff filed numerous documents labeled complaints, most of which were unsigned, and numerous incomplete and/or unsigned motions to

1

proceed in forma pauperis.  After several orders directing plaintiff to file signed and complete documents, in April 2024 plaintiff filed signed copies of his motion to proceed in forma pauperis and a complaint, which he labeled a first amended complaint.  In an order filed April 19, this court granted plaintiff's motion to proceed in forma pauperis, found plaintiff did not state any claims for relief cognizable under §1983, and gave plaintiff leave to file a second amended complaint.  (ECF No. 37.)

Plaintiff filed three documents labeled "second amended complaint" on April 29, May 10, and May 17.  (ECF Nos. 40, 41, 42.)  In addition, on May 20, plaintiff filed 46 pages of what are apparently exhibits.  (ECF No. 43.)  In the prior screening order, this court warned plaintiff about excessive filings and the risk of sanctions.  However, plaintiff appears to be unwilling or unable to heed that warning.

This court will not review each of plaintiff's "second amended complaints."  Because filing an amended complaint supersedes prior complaints, this court will screen plaintiff's last-filed "second amended complaint."  Further, this court will not consider the exhibits filed on May 20.  As plaintiff was informed in the prior screening order, plaintiff's claims must be stated in the body of his complaint.  The court is not required to review exhibits to determine whether plaintiff has stated a claim.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

As he did previously, plaintiff identifies numerous prisons where the conduct he complains of occurred. He lists "CDCR" and "D.O.J. et al." as defendants. (ECF No. 42 at 1-2.) He adds nine correctional officers employed at Salinas Valley State Prison ("SVSP") (id. at 3) and numerous other staff members at SVSP, the California Medical Facility, and R.J. Donovan State Prison (id. at 6, 9, 17).

Plaintiff makes broad-ranging allegations against mostly unnamed prison staff at unidentified places. The following are just a few of his allegations: threats by "all staff," including threats to cause plaintiff to overdose, to falsify records to claim plaintiff is schizophrenic and delusional, and to give plaintiff cancer (ECF No. 42 at 4); a beating by five unnamed correctional officers in April 2020 (id. at 5); suppression of evidence (id.); HIPAA violation and surgery without informed consent (id. at 7); four years of psychological and physical torture for Department of Defense weapons testing (id. at 13); beatings by other inmates that were encouraged or ignored (id. at 5, 16); and the provision of false information to obtain an order to have plaintiff involuntarily medicated (id. at 19).

For relief, plaintiff states that he wants the false charges against him dropped, the fraudulent mental health records investigated, the torture to stop, and $139 billion. (ECF No. 42 at 20.)

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Dismissal is appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," and/or "delusional." Id. Plaintiff's allegations are largely incredible. He makes a few scattershot allegations of excessive force but backs up those conclusory allegations with no details, despite the court's specific instructions to do so in the prior screening order. This court finds any further instructions to plaintiff would be futile and finds no reason to permit plaintiff to file another amended complaint. This action should be dismissed for plaintiff's failure to state a claim.

////

////

3

1    It is apparent that plaintiff is distressed about many things. This court wants to acknowledge that distress. However, it is also apparent that this civil rights action is not the place to help plaintiff with his distress.

    For the foregoing reasons, IT IS HEREBY RECOMMENDED that the second amended complaint be dismissed without leave to amend and this case be closed for plaintiff's failure to state a claim.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/blan2987.SAC scrn fr

4